UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-314 |
| | § | |
| CLAYTON HOMES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered <u>sua sponte</u> this Court's subject matter jurisdiction in the above-styled action. Because the Court concludes that it lacks diversity jurisdiction, 28 U.S.C. § 1332, this action is REMANDED to the 229th Judicial District of Duval County, Texas, where it was originally filed and assigned Cause No. DC-09-339.

## I.      Factual and Procedural Background

On November 2, 2009, Plaintiff Adam Perez filed his Original Petition in the 229th Judicial District Court of Duval County, Texas, against Defendants Clayton Homes, Inc, CMH Homes, Inc. ("CMH"), Vanderbilt Mortgage and Finance, Inc. ("VMF"), and Benjamin Joseph Frazier. (D.E. 1 at 19.) Plaintiff's claims arose out of his purchase of a home from Defendant CMH in October 2002. Plaintiff claims that, with the assistance of Benjamin Frazier, a sales associate for CMH, he filled out a credit application, which was forwarded to VMF. VMF allegedly approved him for a loan with an interest rate of 8.99%, but did not disclose this interest rate to him. Instead, Plaintiff claims that he was told he was qualified to purchase the home at an interest rate of 10.99%, and in reliance upon this representation, he executed a contract to purchase the

home at an interest rate of 10.99%.  (D.E. 1 at 22.)  Plaintiff also alleges that Defendants, which are all owned and operated by Berkshire Hathaway, failed to disclose to him certain aspects of their financial relationship, such as kickback payments.  Plaintiff claims that Defendants' fraudulent practices were part of the actual policy in place at the company, which paid higher commissions to sales associates if they got customers to agree to loans with higher interest rates.  Finally, Plaintiff alleges that Defendant Frazier was not licensed in Texas as a lender or mortgage broker.  (D.E. 1 at 23-24.)  Plaintiff brought claims for fraud, breach of fiduciary duty against Mr. Frazier, and claims under the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.41 et seq.  (D.E. 1 at 26-27.)

On November 17, 2009, Defendant CMH timely removed this case to this Court with the consent of all Defendants except Mr. Frazier, who had not yet been served. (D.E. 1.)   Defendant CMH states that removal is proper because the amount in controversy is greater than $75,000 and there is complete diversity of citizenship. Although Frazier is a Texas citizen, and thus his presence would normally destroy complete diversity of citizenship, CMH claims that Mr. Frazier is a "sham defendant who was improperly joined in order to defeat jurisdiction."  (D.E. 1 at 3.)  CMH argues that Plaintiff will not be able to establish a cause of action against Frazier because Frazier is not, as alleged, the sales associate who assisted Plaintiff in securing a loan from VMF. Because Frazier was not the sales associate, Defendant argues, "he could not have received the alleged fee that Plaintiff wrongfully describes as a kickback or been involved in the alleged behavior that Plaintiff makes the basis of his Petition."  (D.E. 1 at 4.)  In support of this contention, Defendant cites the Affidavit of Hugh T. Stratum III,

the Vice President of Operations at CMH.  (D.E. 1, Exh. H, at 51-52.)  According to the Affidavit, this conclusion is based upon Mr. Stratum's review of "Adam Perez's retail installment contract and the commissions paid to the relevant retail location and sales associate at issue in this lawsuit."  (Id. at 52.)  The Affidavit also states that Frazier was not paid a commission for his alleged work with Plaintiff and did not receive any other payment from Defendants related to the transaction with Plaintiff.  (Id.)

## II.    Discussion

### A.    General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).

In general, an action is removable to a federal court only if it might have been brought there originally.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995).  It is

well-settled that the removing party bears the burden of showing that the removal is proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B. Removal Based on Diversity Jurisdiction

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) the amount in controversy greater than $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

Under the improper joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant." Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). The doctrine of "improper joinder rests on . . . statutory underpinnings[] which entitle a defendant to remove to a federal forum unless an in-state defendant has been

'properly joined.' Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).  In practice, the Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (internal quotation marks and citations omitted).  The "test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id.  To resolve this issue, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.  Alternatively, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74.

The burden is on the removing party "to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575.  "[T]he burden of proving fraudulent joinder is a heavy one and

unless it is clear that the non-diverse defendants have been fraudulently joined the case should be remanded to the state court from which it was removed." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004).  A district court "must evaluate all of the factual allegations of the parties contained in their pleadings, depositions and affidavits in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." In re Rodriguez, 79 F.3d 467, 469 (5th Cir. 1996).

Defendant CMH here argues that Plaintiff cannot state a cause of action against Frazier because he was not the sales associate who assisted Plaintiff in securing the loan upon which this litigation is based.  (D.E. 1 at 3-4.)  Defendant, however, has failed to carry its burden in this case.  The only evidence it provides to support its contention of mistaken identity is an affidavit from Mr. Stratum, the Vice President of Operations at CMH.  (D.E. 1 Exh. H.)  Mr. Stratum's affidavit is unpersuasive for two reasons.  First, the affidavit is based solely on his review of Plaintiff's retail installment contract and commission payments at the relevant retail location, not first hand information as to the identity of the sales associate that assisted Plaintiff on the occasion in question.  Second, Plaintiff has alleged that both CMH and VMF paid Frazier for his services, including commissions.  (D.E. 1, Exh. B at 22-24.)  Mr. Stratum, as a representative of CMH, is only qualified to provide information as to payments by CMH.  He cannot provide information as to what compensation, if any, the other Defendants may have provided to Frazier.  As discussed above, a removing party claiming improper joinder has a "heavy burden," one that cannot be easily met.  In the context of this case, the Court concludes that one affidavit from one Defendant's representative with no direct knowledge as to the relevant facts is insufficient to meet CMH's "heavy burden." McKee, 358 F.3d at 337;

<u>Mattress Warehousing, Inc. v. Power Marketing Direct, Inc.</u>, No. 08-cv-141-LRR, 2009 WL 395162, at *6 (N.D. Iowa Feb. 17, 2009) ("Defendants have only presented the court with [defendant's] affidavit.   [Defendant's] affidavit is largely conclusory and self-serving . . . . Were courts to find fraudulent joinder whenever presented with a defendant's self-serving affidavit, few cases would ever be remanded and federal jurisdiction would greatly expand.").

Because Defendant has not satisfied its burden to show that Defendant Benjamin Joseph Frazier (a Texas resident) was improperly joined, there is no complete diversity of citizenship in this case, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

**III.    Conclusion**

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action and therefore <u>sua sponte</u> REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-09-339.

SIGNED and ORDERED this 19th day of November, 2009.

Janis Graham Jack
United States District Judge